**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAYMOND KEVIN LYONS AND MARGARET LYONS | : CIVIL ACTION NO. |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| STATE FARM FIRE AND CASUALTY COMPANY | : |
| | : |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

AND NOW, comes Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm"), for the purpose of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.     This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Docket Number: 260102748.

2.     The action was commenced by Complaint, which was served on Defendant on April 6, 2026.

3.     The Complaint states one cause of action for Breach of Contract and asks for damages in excess of $50,000 plus interest and costs. (See Exhibit "A" at *ad damnum* clause).

4.     Plaintiffs' invoice for damages is attached as Exhibit "A" to the  Complaint and states damages of $235,058.97. (See Exhibit "A".)

5.     The averments made herein are true and correct with respect to the date on which the  Complaint was filed and the date upon which this notice is being filed.

6.     This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant State Farm is now, and was at the time Plaintiffs commenced this action and filed the Complaint, a corporation

organized under the laws of the State of Illinois and with its principal place of business at One

State Farm Plaza, Bloomington, Illinois.

7.      Defendant State Farm has, with the filing of this notice, given written notice to

Plaintiffs' counsel.

8.      Defendant State Farm is also filing a copy of the notice of removal and all

attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

9.      Defendant seeks to remove this matter to the United States District Court for the

Eastern District of Pennsylvania. Defendant asserts that the amount in controversy in this matter

exceeds $75,000 based on the allegations contained in Plaintiffs' Complaint. As the moving party,

defendant bears the burden of proving that jurisdiction is proper in federal court. *Russ vs. State*

*Farm Mut. Auto. Ins. Co.,* 961 F.Supp. 808, 810 (E.D. Pa. 1997).

10.      The procedure for removal is set forth by 28 U.S.C. § 1446. The pertinent portions

of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

(b) Requirements; generally.

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

11.      Since Pennsylvania does not permit a demand for a specific sum or permits

recovery of damages in excess of the amount demanded, removal is proper only if the court finds,

by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

"Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists."

*Hatchigian v. AAA Mid-Atlantic Member Rels.,* Civ. A. No. 19-4740, 2020 U.S. Dist. Lexis 92063

(E.D. Pa. May 27, 2020).

12.    "While [d]efendants are not obligated to research, state, and prove [Plaintiffs']
claims for damages, they must present facts sufficient to establish that [a plaintiff] would more
likely than not recover more than the jurisdictional amount." *Hatchigian Id. (citing Lohr v. United
Fin. Cas. Co.*, Civ. A. No. 09-752, 2009 U.S. Dist. LEXIS 75388 (W.D.Pa. 2009)).

13.    In determining whether the jurisdictional amount has been satisfied, the Court must
first look at the Complaint. *Angus vs. Shiley, Inc.,* 989 F.2d 142, 145 (3rd Circ. 1993).

14.    The underlying lawsuit as alleged in the  Complaint stems from a May 30, 2025 loss
to the property located at 412 Taylor Ave., Newtown, PA 18940, allegedly resulting in damage.
(See Exhibit "A").

15.    Given Plaintiffs' claim for breach of contract and estimate of damages in excess of
$235,058.97, the amount in controversy in this case is in excess of the $75,000 jurisdictional
threshold for removal to Federal Court, in accordance with 28 §1332(a).

16.    Accordingly, this Court is the proper forum to determine the controversy between
the parties.

17.    Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this
suit to this Honorable Court pursuant to the laws of the United States in such cases made and
provided.

BY:    *William H. Hofmann*
_____
WILLIAM H. HOFMANN, ESQUIRE
Attorney for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date: May 5, 2026

## <u>AFFIDAVIT</u>

I, William H. Hofmann, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

*William H. Hofmann*

_____

WILLIAM H. HOFMANN

Date:   May 5, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAYMOND KEVIN LYONS AND MARGARET LYONS | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| | : |
| STATE FARM FIRE AND CASUALTY COMPANY | : |

**<u>NOTICE OF REMOVAL</u>**

**TO:**   Joseph Zenstein, Esq.
Zenstein Kovalsky, LLC.
1240 Old York Rd. Suite 101
Warminster, PA 18974

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, *Lyons, et al. v. State Farm Fire and Casualty Company* now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at No. 260102748.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BY:   *William H. Hofmann*

WILLIAM H. HOFMANN, ESQUIRE
Attorney for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date: May 5, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| RAYMOND KEVIN LYONS AND MARGARET LYONS | : | CIVIL ACTION NO. |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| STATE FARM FIRE AND CASUALTY COMPANY | : |  |

**DEFENDANT'S CERTIFICATION OF FILING OF
COPY OF NOTICE OF REMOVAL WITH STATE COURT**

William H. Hofmann, being duly sworn according to law, deposes and says that he is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Fire and Casualty Company, and that he did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on May 5, 2026.  I certify that the statements herein are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

BY:    *William H. Hofmann*

WILLIAM H. HOFMANN, ESQUIRE
Attorney for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422